UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THOMAS LUNDY,<br><br>    Plaintiff,<br><br>    v.<br><br>BETH BRADACH,<br><br>    Defendant. | Case No. 5:14-cv-00430 HRL<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>**REPORT AND RECOMMENDATION RE REMAND TO STATE COURT** |

Beth Bradach rented a home in Palo Alto owned by Thomas Lundy. She is a participant in a federal rent subsidy program under Section 8 of the National Housing Act, 42 U.S.C. § 1437f. Lundy says that he has decided to remodel and renovate the subject property and to use it as a conventional rental; and thus, he will no longer accept Section 8 tenancy. Lundy further alleges that he gave Bradach a 90-day termination notice. When she failed to quit the premises, he filed the instant unlawful detainer action against her in Santa Clara County Superior Court.

On January 29, 2014, the eve of trial set by the state court, Bradach removed the matter here, asserting federal question jurisdiction. She also requests permission to proceed in forma pauperis (IFP). Lundy moves for an order remanding this matter to the Santa Clara County Superior Court and requiring defendant to pay his attorney's fees incurred in connection with the motion. Bradach opposes the motion. This court finds no need for oral argument. Civ. L.R. 7-

1(b). For the reasons discussed below, the undersigned recommends that this case be remanded to state court and that Lundy's request for fees be denied.

A court may authorize the commencement of a civil action in forma pauperis ("IFP") if the court is satisfied that the applicant cannot pay the requisite filing fees. 28 U.S.C § 1915(a)(1). In evaluating such an application, the court should "gran[t] or den[y] IFP status based on the applicant's financial resources alone and then independently determin[e] whether to dismiss the complaint on the grounds that it is frivolous." Franklin v. Murphy, 745 F.2d 1221, 1226-27 n.5 (9th Cir. 1984). A court may dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Having reviewed defendant's financial affidavit, the court finds that she lacks sufficient resources to pay the filing fee, and her IFP application is granted.

Even so, Bradach fails to establish subject matter jurisdiction over this case. Removal to federal court is proper where the federal court would have original subject matter jurisdiction over the complaint. 28 U.S.C. § 1441. The removal statutes are strictly construed against removal and place the burden on the removing party to demonstrate that removal was proper. Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). Additionally, the court has a continuing duty to determine whether it has subject matter jurisdiction. Fed. R. Civ. P. 12(h). A case must be remanded to the state court if it appears at any time before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal claim for relief. Vaden v. Discovery Bank, 129 S. Ct. 1262, 1272 (2009). Defenses and counterclaims asserting a federal question do not satisfy this requirement. Id. Here, plaintiff's complaint presents a claim arising only under state law. It does not allege any federal claims whatsoever. Defendant points out that

the complaint says that plaintiff is a Section 8 tenant and appends a copy of the parties' agreement used in such tenancies. (See Sotelo Decl., Ex. A). But the allegations indicate only that the parties' rental agreement is based on Section 8 and that defendant receives benefits under that statute. See, e.g., MHS-Rossmore, LLC v. Lopez, No. CV 08-2001-RGK (FMOx), 2008 WL 2397498 at *2 (C.D. Cal., June 5, 2008) (finding that allegations that the subject rental agreement is based on Section 8 and that defendant receives Section 8 benefits were "insufficient to covert [plaintiff's] action for unlawful detainer, generally a state court cause of action, into one arising under federal law."). Bradach nevertheless contends that Lundy's claims arise under federal law because his termination of her Section 8 tenancy violates federal housing laws. However, allegations in a removal notice or in a response to the complaint cannot provide this court with federal question jurisdiction.

Bradach argues that Section 8 completely preempts state law, but the court finds no basis for this contention. "[U]nder the artful pleading rule, 'a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint.'" Arco Environmental Remediation, LLC v. Dep't of Health & Environmental Quality of the State of Montana, 213 F.3d 1108, 1114 (9th Cir. 2000) (quoting Franchise Tax Bd. of California v. Construction Laborers Vacation Trust for S. California, 463 U.S. 1, 22, 103 S. Ct. 2841, 77 L.Ed.2d 420 (1983)). Thus, a state law claim for relief may be deemed to arise under federal law where (1) federal law completely preempts state law; (2) the claim is necessarily federal in character; or (3) the right to relief depends on the resolution of a substantial, disputed federal question. Id. The artful pleading rule is, however, limited in scope "for it is 'long-settled . . . that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction.'" Wise v. Suntrust Mortgage, Inc., No. C11-01360LHK, 2011 WL 1466153 *2 (N.D. Cal., Apr. 18, 2011) (quoting Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 813, 106 S. Ct. 3229, 92 L.Ed.2d 650 (1986)). Moreover, "the 'mere need to apply federal law in a state law claim' does not 'suffice to open the arising under door' to federal jurisdiction." Id. (quoting Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 313, 125 S. Ct. 2363, 162 L.Ed.2d 257 (2005)).

As discussed above, plaintiff's unlawful detainer claim is a creature of state, not federal, law. And, there is no basis for complete preemption here. "Preempted state law claims may be removed to federal court only in the rare instances where Congress has chosen to regulate the entire field." Arco Environmental Remediation, LLC, 213 F.3d at 1114. "Complete preemption, however, arises only in 'extraordinary' situations. The test is whether Congress clearly manifested an intent to convert state law claims into federal question claims." Ansley v. Ameriquest Mortgage Co., 340 F.3d 858, 862 (9th Cir.2003) (citations omitted). Thus far, the Supreme Court has identified only three federal statutes that completely preempt state law claims, and the National Housing Act is not one of them. See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6-7, 123 S. Ct. 2058, 156 L.Ed.2d 1 (2003) (noting that complete preemption has been limited to the Labor Management Relations Act, the Employee Retirement Income Security Act, and the National Bank Act).

Nor is there a substantial federal question that would give rise to jurisdiction. Indeed, courts have held that "termination proceedings under Section 8's existing housing program are left by Congress and HUD to state law." Gallman v. Pierce, 639 F. Supp. 472, 478 (N.D. Cal. 1986); MHS-Rossmore, LLC, 2008 WL 2397498 at *2 (same).

Bradach does not invoke the court's diversity jurisdiction, and there is no basis for it anyway. Federal district courts have jurisdiction over civil actions in which the matter in controversy exceeds the sum or value of $75,000 (exclusive of interest and costs) and is between citizens of different states. 28 U.S.C. §1332. The instant action was filed as a "Limited Civil Jurisdiction" matter in which plaintiff indicated that the amount in controversy is less than $10,000. (Dkt. No. 1 at ECF p. 8). Moreover, "the presence of a local defendant at the time removal is sought bars removal." Spencer v. U.S. Dist. Ct., 393 F.3d 867, 870 (9th Cir. 2004); see also 28 U.S.C. § 1441(b)(2) (an action may not be removed "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent

4

unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S. Ct. 704, 163 L.Ed.2d 547 (2005). "In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." Id. The objective reasonableness of removal depends on the clarity of the applicable law and whether such law "clearly foreclosed" the arguments in support of removal. Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 1066-67 (9th Cir. 2008).

Pointing out that defendant removed this matter one day before the case was set for trial in the state court, plaintiff argues that defendant acted solely to delay the proceedings. As discussed above, there is no basis for removal. Defendant is represented by counsel. And, the timing of removal suggests that defendant might have been motivated, at least in part, by a desire to postpone eviction. Nevertheless, no one has brought to this court's attention any binding decisions clearly precluding defendant's position. And, "removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." Lussier, 518 F.3d at 1065 (9th Cir. 2008). As such, the court recommends that plaintiff's request for attorney's fees be denied. Defendant is cautioned, however, that the court will impose sanctions if she improperly removes this action to federal court in the future.

Because not all parties have consented to the undersigned's jurisdiction, this court ORDERS the Clerk of the Court to reassign this case to a District Judge. The undersigned further RECOMMENDS that the newly assigned judge remand the state court case to the Santa Clara County Superior Court and deny plaintiff's request for fees. Any party may serve and file objections to this Report and Recommendation within fourteen days after being served. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated:   February 5, 2014

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5:14-cv-00430-HRL Notice has been electronically mailed to:

Ginger L. Sotelo     gsotelo@pahl-mccay.com, calvarado@pahl-mccay.com

Miguel Soto     msoto@southbayconsumerlaw.com